*3 By the Court.
Campbell, J.
This action, was brought by the plaintiff to recover the amount of several attorney’s bills of costs in suits in which the public administrator of New York was either plaintiff or defendant, and the plaintiff -was employed as sueh attorney, to prosecute or defend, and he now claims that the corporation of New York is directly and primarily liable to him for such costs. The cause was tried before Mr. Justice Strong of the supreme court, without a jury, and a verdict rendered by him in favor of the plaintiff for the amount claimed, and is now before us on motion for new trial on a case made. t
Prior to 1815, the chamberlain of the city was constituted the public administrator. In that year, the mayor and aider-men petitioned the legislature for the passage of an act giving to them the power to nominate and appoint a person public administrator; which petition was granted, and they were authorized to appoint, under the common seal of the city, such public administrator. By that law, this officer was authorized to retain five per cent, commission on the estates, for his compensation, and the city was made responsible for .the due administration of the estates, as he held his place at the pleasure of the common council. It does not appear, however, by that law, that the city had any interest in the commissions, the benefit to the corporation being, in holding without interest, the funds of such estates as should remain unclaimed at the expiration of eighteen months.
By the revised' statutes material alterations were made. The salary of the public administrator is now to be paid by the city, and the corporation receives the commission of five per cent., and continues the depositary of’the unclaimed funds. The administrator also gives a bond in the penalty of ten thousand dollars, directly to the mayor, aldermen, &e., conditioned for the faithful discharge of his duties, among which duties is that of paying over, within two days after the receipt thereof, to the credit of the comptroller, jointly with himself, all moneys derived from any estate which may come into his hands. Though the statute declares that he may sue or be sued, the *4 same as any other administrator or executor, it would seem that he must do so at his own expense, unless the corporation, which takes the commission and the funds, be liable. By the 42d and 43d sections, (2 R. S. 128,) the' city is made liable and responsible for all moneys received by the public administrator, and for the faithful execution of his duties; and it is declared, that all persons aggrieved by any unauthorized acts or omissions of such-public administrator, may have the same remedy against the corporation of New York, that they could have against any executor, and further for the protection of the corporation, they are authorized to make such rules and regulations for his government, as they may from time to time deem necessary.
After a careful examination of the law, we have come to the conclusion that it would be difficult to find a more complete case of agency than this: The public administrator, first, is appointed by the common council, and is removable at their pleasure. Second. He gives a bond directly to them, for the faithful discharge of his duties. Third. The emoluments of the office are paid directly into the treasury and belong to the corporation. Fourth. The corporation, from time to time, as they may deem necessary, may make rules for his government.
Now if the 24th section, and the 43 d section were struck out altogether, we are inclined to think the corporation would be equally liable for the acts of their agent. He may sue and be sued as any other administrator. It may often become his duty to prosecute or defend suits. An omission or neglect to do so, might be a neglect or omission of duty, for which he or his bondsmen might be liable. It may be greatly for the benefit of his principal, the corporation, that he should do so. He thereby may preserve or secure a fund, out of which commissions are to accrue, and by which their treasury is increased.
It would seem but reasonable, that the attorney thus employed to prosecute or defend these suits, should be entitled to recover his costs directly from the principal. If the corporation choose, they may limit the power of their agent by rules or regulations adopted in pursuance of the 44th section. By not making such *5 regulations, they leave the matter to his discretion. They may require that no suit be prosecuted or defended, except by express authority given by them in each particular case, or except Tinder the sanction of the corporation counsel. It does not appear that any such rules or regulations have been adopted, and it not appearing but that these suits were prosecuted and defended by the several public administrators in entire good faith, and in what they conceived to be an honest discharge of their duties, and for the interest of the corporation, we are of opinion that the verdict rendered before Mr. Justice Strong, was in all respects correct, and that the motion for a new trial must be denied with costs.